UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | DOCKET NO. 18-42802-CEC |
| NORTHFIELD 30 CORP. | |
| DEBTOR. | |

## CREDITOR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS FOR THE FILING OF THIS BANKRUPTCY

**HASBANI & LIGHT, P.C.**
Danielle P. Light, Esq.
*Counsel for Creditor*
450 Seventh Avenue, Suite 1408
New York, New York 10123
fTel: (646) 490-6677
dlight@hasbanilight.com

## **Table of Contents**

**Preliminary Statement**..............................................................................................................................3

**Procedural and Factual History** .............................................................................................................3

**Argument**...................................................................................................................................................4

    *A.   Sanctions are Warranted Because Two Bankruptcy Actions were Frivolously Filed to Delay the Foreclosure Action of Creditor from Being Completed* ............................................................................4

    B.   *Monetary Damages are Warranted because the Debtor's Bankruptcy Filing was an Abuse of the Bankruptcy Code* .....................................................................................................................................8

**Conclusion** ...............................................................................................................................................10

## Preliminary Statement

Creditor JDP Mortgage, LLC ("Creditor") moves for sanctions and an award of attorneys' fees against Debtor, Northfield 30 Corp. ("Debtor") under Rule 9011 of the Federal Rules of Bankruptcy Procedure for the frivolous filing of this Bankruptcy. The present motion arises out of the filing by the Debtor of a series of two bankruptcy cases all for the sole and improper purpose of delaying and hindering the Creditor in its efforts to enforce the lawful judgment of foreclosure and sale granted by the New York State Supreme Court, County of Kings on April 17, 2017. This Bankruptcy Action is completely without merit and was filed solely for improper purposes, including harassment with an intent to cause unnecessary delay of foreclosure of the one asset in this Bankruptcy, real-property known as 230 Tompkins Avenue, Brooklyn, New York (the "Property"). For the reasons set forth herein, this Motion should be granted in its entirety.

## Procedural and Factual History

On March 7, 2006, Wilberforce Gray ("Gray" or "Borrower"), duly executed and delivered to a Note (the "Note") bearing said date, wherein it was covenanted and agreed that he would repay to Golden First Mortgage Corp. the principal sum of $434,981.00 with interest as set forth in said Note. *See Declaration of Danielle P. Light, Paragraph 1, Exhibit A.*

To secure repayment of the sum represented by said Note, on July 26, 2006 Gray duly executed and delivered to Golden First Mortgage Corp. a Mortgage secured by the premises located at 230 Tompkins Avenue, Brooklyn, NY 11203 (the "Property") which Mortgage was duly recorded with the Office of the City Register of Kings County on May 19, 2009 as CRFN: 2009000148569 (the "Mortgage"). *See Declaration of Danielle P. Light, Paragraph 2, Exhibit B.*

On July 8, 2010, Gray sold the Property to A&Q Estates Inc. for twenty-five thousand dollars ($25,000.00) subject to the Note and Mortgage. *See Declaration of Danielle P. Light,*

*Paragraph 3, Exhibit C.* A&Q Estates Inc. filed for Chapter 7 Bankruptcy on September 27, 2017, just one day before a foreclosure auction was scheduled for the Property on September 28, 2017. *See Declaration of Danielle P. Light, Paragraph 3, Exhibit D and E.*  The A&Q case was dismissed on February 27, 2017 and closed on March 19, 2018. *See Declaration of Danielle P. Light, Paragraph 3, Exhibit F.*

On April 16, 2018, A&Q sold to the Property to Debtor for zero consideration.  *See Declaration of Danielle P. Light, Paragraph 5, Exhibit H.*  Shortly thereafter, on May 15, 2018, two days before the rescheduled foreclosure auction sale date was to be held on May 17, 2018, Debtor filed for Chapter 11 Bankruptcy. *See Declaration of Danielle P. Light, Paragraph 5, Exhibit I and J.*

The Note and Mortgage were ultimately assigned from Golden First Mortgage Corp. to Creditor on or about July 9, 2018.  *See Declaration of Danielle P. Light, Paragraph 6, Exhibit K.*

## **Argument**

### **A.  Sanctions are Warranted Because Two Bankruptcy Actions were Frivolously Filed to Delay the Foreclosure Action of Creditor from Being Completed**

The Court should sanction with a monetary sanction because Debtor used the Bankruptcy Court as an instrument in its plan to harass the Creditor and delay its inevitable foreclosure of the Property.

Rule 9011 of Federal Rules of Bankruptcy Procedure provides, in relevant part:

b) Representations to the Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, [that]
 *       *       *
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

*　　*　　*

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

"Rule 9011(b)(1) requires a finding of subjective bad faith." In re Parikh, 508 B.R. 572, 585 (Bankr. E.D.N.Y. 2014). Subjective bad faith can occur when a paper is submitted to harass a litigant or unnecessarily delay the proceedings. However, the delay or frustration to creditors must be unnecessary; delay and frustration alone are insufficient for sanctions under Rule 9011(b)(1). *Id.*

Furthermore, Chapter 11 bankruptcy petitions are subject to dismissal under Bankruptcy Code §1112(b)(1) unless filed in good faith. The implicit good faith standard is required for bankruptcy petitions because it "furthers the balancing process between the interests of debtors and creditors." *C-TC 9th Ave. P'ship v. Norton Co* (*In re C-TC 9th Avenue P'ship*), 113 F.3d 1304, 1310 (2d. Cir. 1997). A bankruptcy court can "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone" without holding an evidentiary hearing. *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (quoting *In re Blair*, No. 09–76150, 2009 WL 5203738, at *4–5 (Bankr. E.D.N.Y. Dec. 21, 2009)).

Here, in the instant Bankruptcy action, Northfield 30 Corp. filed this Chapter 11 Bankruptcy for the sole purpose of harassing and causing unnecessary delay of foreclosure of the one asset in this Bankruptcy, real-property known as 230 Tompkins Avenue, Brooklyn, New York (the

"Property"). Debtor has taken no steps to reorganize the debt, has not responded to opportunities to resolve the outstanding debt due to Creditor, has failed to attend the Creditor's Meeting under 11 U.S.C. § 341, and is now facing a motion to dismiss by the United States Trustee.

There have been two bankruptcy actions filed by the principal for the Debtor. The first action was filed by an entity named A&Q Estates Inc. That first Bankruptcy Action was filed a day before a foreclosure auction was set to go forward on for September 28, 2018. *See Declaration of Danielle P. Light, Paragraph 5, Exhibit I.* In that case, just like in this case, Debtor was subject to a motion to dismiss by the Chapter 7 Trustee after Debtor failed to appear for a meeting of the creditors. *See Declaration of Danielle P. Light, Paragraph 5, Exhibit F.* This Court granted the Chapter 7 Trustee's motion to dismiss the case for Debtor's failure to appear at the first meeting of creditors in accordance with 11 U.S.C. § 341 and be represented by counsel. *See Declaration of Danielle P. Light, Paragraph 5, Exhibit F.* The A&Q case was dismissed on February 27, 2017 and closed on March 19, 2018. *Id.*

About a month after the Bankruptcy Action by A&Q was closed, Debtor took title to the Property from A&Q Estates Inc. by a Quitclaim Deed dated April 16, 2018 with zero consideration and subject to Creditor's judgment of foreclosure and sale. *See Declaration of Danielle P. Light, Paragraph 5, Exhibit H.* This Bankruptcy Action was then filed in order to stop Creditor's auction of the Property from going forward, just like A&Q did when it owned the Property.

Upon information and belief, Ilan David Avitsedek is the sole shareholder of the Debtor and A&Q Estates, despite statements to the contrary by him to this Court on June 21, 2018. *See Declaration of Danielle P. Light, Paragraph 9, Exhibit N.* Upon information and belief, Ilan David Avitsedek, through his alias "David Cohen," is also the sole shareholder of A&Q Estates Inc. ("A&Q"), the prior owner of the Property. Your Honor questioned Mr. Avitsedek about his

relationship to David Cohen at a hearing.  Mr. Avitsedek misrepresented to the Court that "David Cohen" is his cousin.  *See Declaration of Danielle P. Light, Paragraph 9, Exhibit N.*   Here are a few examples of why we believe "David Cohen" is Ilan David Avitsedek: (1) "David Cohen" once had a drivers' license that was revoked reflecting the same date of birth and appearance/height as Ilan David Avitsedek's drivers' license; *see Declaration of Danielle P. Light, Paragraph 8, Exhibit N.*  (2) in another case pending before the District Court of New Jersey, the Summons and Complaint was served upon "David Cohen" at Ilan David Avitsedek's home in Long Island, New York and Ilan David Avitsedek subsequently appeared in the action through counsel; s*ee Declaration of Danielle P. Light, Paragraph 9, Exhibit O.*   (3) there are several court filings in the New York State Supreme Court where people alleged Ilan David Avistedek has multiple aliases.   *See Declaration of Danielle P. Light, Paragraph 9, Exhibit P.*

If "David Cohen" is in fact just an alias for Ilan David Avitsedek, then upon information and belief, Debtor's sole shareholder may have also committed social security fraud with the use of two separate social security numbers.  One social security number has been issued for Ilan David Avitsedek and another for "David Cohen," the sole shareholder of A&Q.  *See Declaration of Danielle P. Light, Paragraph 8, Exhibit L.*  This information serves as further evidence that although A&Q's Bankruptcy action was dismissed, Ilan David Avitsedek likely used the Bankruptcy Court's protection once again by "transferring" the Property to a new entity, the Debtor, and re-filing for Bankruptcy.  By having more than one name, the "transfer" would appear to be legitimate and Ilan David Avitsedek would have used the Bankruptcy Court to assist him in his plan to "hinder, delay and defraud" the Creditor in this case.

A new foreclosure auction for the Property was set by Creditor in the New York State foreclosure action, pursuant to the judgment of foreclosure and sale, for May 17, 2018.  Two days

before the scheduled sale, on May 15, 2018, Debtor filed for Chapter 11 Bankruptcy. *See Declaration of Danielle P. Light, Paragraph 5, Exhibit I.* Now, similar to the prior case, Debtor failed to appear for the Creditor's Meeting pursuant to 11 U.S.C. § 341 and the United States Trustee has made a motion to dismiss.

In addition, throughout both bankruptcy actions for both A&Q and Debtor have never attempted to discuss settlement with Creditor and do not seem to actively be pursuing this bankruptcy action. All the while, there has been waste and destruction of the Property, with no consideration of Creditor's interests. *See Declaration of Danielle P. Light, Paragraph 9, Exhibit N, Pages 10-11.* An insurance policy has not been produced, despite due demand, and based on the undersigned's communications with Debtor's prior counsel, Creditor is not listed as an additional insured for the Property under the policy. Furthermore, Credior received notice of code violations, and tax bills that must be paid and would not have to paid if the Property was properly sold at auction. *See Declaration of Danielle P. Light, Paragraph 10, Exhibit Q.*

Based on the foregoing, and with a pattern of filing two bankruptcy petitions within one and two days of foreclosure auction, the failure to appear for the Creditor's Meeting pursuant to 11 U.S.C. § 341, it is clear that the actions were filed frivolously to delay and hinder Creditor's ability to foreclose on the Loan.

**B.  *Monetary Damages are Warranted because the Debtor's Bankruptcy Filing was an Abuse of the Bankruptcy Code***

This Court should issue monetary sanctions because Debtor abused the Bankruptcy Code when it filed this second Bankruptcy Action with the sole intent of preventing the foreclosure auction from going forward. Furthermore, since Debtor is *pro-se* the only sanction that would deter Debtor from re-filing a third Bankruptcy Action and from abusing the Bankruptcy Code going forward will be monetary damages.

"The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code." *In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995) (citing to *Weiszhaar Farms, Inc. v. Livestock State Bank,* 113 B.R. 1017, 1020 (D.S.D.1990); *Cinema Service Corp. v. Edbee Corp.,* 774 F.2d 584, 585–86 (3d Cir.1985); *Roberts v. Heim,* 184 B.R. 814, 818 (N.D.Cal.1995); *In re Huerta,* 137 B.R. 356, 369 (Bankr.C.D.Cal.1992); *In re Trina Associates,* 128 B.R. 858, 872 (Bankr.E.D.N.Y.1991)). Furthermore, serial filings are a "badge" of bad faith, *In re Felberman*, *supra* (citing to *In re Spectee Group, Inc.,* 185 B.R. 146, 156 (Bankr.S.D.N.Y.1995)), as are petitions filed to forestall creditors, *In re Eatman,* 182 B.R. at 392.

"Although filing for bankruptcy on the eve of foreclosure is not per se bad faith, the Debtor's penchant for repeatedly doing so can be considered as evidence of bad faith." *In re Casse*, 219 B.R. 657, 661 (Bankr. E.D.N.Y. 1998), *subsequently aff'd*, 198 F.3d 327 (2d Cir. 1999). (Internal citations omitted) (holding that "[i]n assessing a debtor's last minute bankruptcy filings to stay foreclosure sales, a review of his Chapter 11 cases show that the Property was listed as the sole asset, general unsecured creditors were non-existent. This precluded any legally available method to force through confirmation of a plan. See 11 U.S.C. §§ 1129(a)(10), (b)(1); *In re 266 Washington Assocs.*, 141 B.R. 275 (Bankr. E.D.N.Y.), aff'd, 147 B.R. 827 (E.D.N.Y.1992); *see also In re Natural Land Corp.*, 825 F.2d at 298 (outlining similar factors as evidence of a debtor's lack of good faith); *In re Little Creek Dev. Co.*, 779 F.2d at 1072–73 (same)).

"Monetary sanctions in the form of an order to pay all or part of an injured party's counsel fees and expenses can be an acceptable means by which to accomplish the goals of F.R.B.P. 9011." *In re Coquico, Inc.*, 508 B.R. 929, 948 (Bankr. E.D. Pa. 2014).

Here, Debtor's numerous bankruptcy petitions were filed solely to delay a foreclosure sale

of the Property, rather than forwarding any honest attempt to reorganize debt, all of which is glaringly apparent. *In re Casse*, *supra*. Just like *In re Casse*, this is a Chapter 11 action where the sole asset is the Property and unsecured creditors are none existent. *Id*. Both cases, for A&Q and for Debtor, were filed within less than 48 hours of the Creditor's foreclosure auction. In both cases, Debtor failed to appear for a meeting of the creditors in both cases, failed to make any attempts to resolve the outstanding balance with Debtor and was subject to motions to dismiss by the trustee. As a result, it is only logical to conclude that the Bankruptcy Actions were filed for the sole purpose of obtaining a stay to halt the foreclosure auction of the Property and delay the inevitable foreclosure from happening.

Based on the foregoing, this Motion should be granted because monetary damages are warranted to pay all of Debtor's fees and expenses, plus interest, fees and costs related to the Loan beyond the final judgment of foreclosure and sale.

### Conclusion

Creditor is entitled to monetary sanctions and attorneys' fees under Rule 9011. The pattern of filing for bankruptcy protection days before the foreclosure auction, no steps taken towards a true reorganization under Chapter 11, failure to appear for the Creditor's meeting under 11 U.S.C. 341, waste and destruction at the Property, misrepresentations made to the Court about the true identity of the principals of A&Q Estates Inc. and Debtor all warrant the implementation of sanctions.

**WHEREFORE**, Creditor respectfully requests that the Court:

1. Grant this Motion for Rule 9011 Monetary Sanctions;

2. Order Debtor to pay the Creditor their attorneys' fees incurred in this Bankruptcy Action, the Bankruptcy Action filed by A&Q Estates Inc. and the costs related to this motion; and

3. Grant additional sanctions and relief as the Court deems appropriate.

Respectfully Submitted,

Dated: New York, New York          **HASBANI & LIGHT, P.C.**
       November 9, 2018

_/s/ Danielle P. Light_
Danielle P. Light, Esq.
_Counsel for Creditor_
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (646) 490-6677
dlight@hasbanilight.com