UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

                                                Chapter 11

Northfield 30 Corp.,

                                                Case No. 18-42802-nhl

                    Debtor.
--------------------------------------------------------X

## ORDER GRANTING *IN REM* RELIEF FROM THE AUTOMATIC STAY

Upon the motion (the "Motion") of JDP Mortgage, LLC (the "Movant") filed September 25, 2018, for an order pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), for relief from the automatic stay with respect to real property commonly known as 230 Tompkins Avenue, Brooklyn, NY 11216 (the "Property"), and pursuant to 11 U.S.C. § 362(d)(4), for *in rem* relief from the automatic stay imposed in subsequent cases under 11 U.S.C. § 362(a), such that any and all future filings under the Bankruptcy Code during the next two (2) years by Northfield 30 Corp. (the "Debtor"), A & Q Estates Inc., Wilberforce Gray, or any other person or entity with an interest in the Property shall not operate as a stay as to Movant's enforcement of its rights in and to the Property; and due notice having been provided; and a hearing on the Motion having been held on December 20, 2018 ("Hearing"), at which appeared counsel for Movant and the United States Trustee, and there was no appearance by or on behalf of the Debtor; and there being no opposition to the Motion; the Court having determined at the Hearing that the filing of the Debtor's bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors that has involved multiple bankruptcy filings affecting the Property; after due deliberation and good and sufficient cause appearing therefor; and upon the record of the Hearing and the proceedings had herein; it is hereby

      **ORDERED**, that the Motion is granted to the extent set forth herein; and it is further

**ORDERED**, that the automatic stay in effect pursuant to 11 U.S.C. § 362(a) is hereby lifted and vacated to permit Movant to pursue its rights under applicable law with respect to the Property; and it is further

**ORDERED**, that the United States Trustee shall be served with a copy of the referee's report of sale within thirty (30) days of the report, if applicable, and shall be noticed with any surplus monies realized from the sale of the Property; and it is further

**ORDERED**, that the Rule 4001(a) 14-day stay of execution of this order is hereby waived; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 362(d)(4), and <u>provided</u> that this Order is recorded in compliance with applicable New York law governing notices of interests or liens in real property, this Order terminating the automatic stay under 11 U.S.C. § 362(a) as to Movant's interest in the Property, shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two (2) years after the date of the entry of this Order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to Movant's interest in the Property, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing; and it is further

**ORDERED**, that this Order shall survive any subsequent conversion of this case.

**Dated: January 4, 2019**
**Brooklyn, New York**

_/s/ Nancy Hershey Lord_
**Nancy Hershey Lord**
**United States Bankruptcy Judge**