**United States Bankruptcy Court**
**Eastern District of New York**
*******************************

**In re:** **Docket No. 18-42802-nhl**

**NORTHFIELD 30 CORP.** **Chapter 11**

**Debtor**
*******************************

**OPPOSITION TO MOTION FOR SANCTIONS**

State of New York)
s.s.
County of Suffolk)

I, Patrick Christopher, an attorney at law duly admitted to practice law in the Courts of State of New York and being admitted to the Eastern District of New York do hereby affirm under penalty of perjury the following:

1. I am the attorney having been retained by the principal of the Debtor corporation, NORTHFIELD 30 CORP. ('Northfield') for the purpose of preparing and submitting this opposition to the Motion for Sanctions commenced by the Creditor, JDP Mortgage, LLC ('JDP').

**A BRIEF HISTORY OF FACTS**

2. Debtor filed its petition under Chapter 11 of the Code with the assistance of his legal counsel, Eric H. Horn, Esq. of the law firm of Vogel Bach & Horn, LLP on May 15, 2018.

3. At the time of the filing there were just two creditors, to wit: the mortgagee lender Pennymac Holdings, LLC. and the New York City Department of Finance and Taxation.

4. As Attorney Horn stated to the Court on June 21, 2018 at the status conference, the purpose of the filing for NORTHFIELD was to try to save its sole asset, to wit: a one family home at 230 Tompkins Avenue, Brooklyn, New York.

5. Under the guidance of its attorney, Eric Horn, NORTHFIELD filed this petition in good faith attempting the work out a deal with the Pennymac mortgagee, and it was not a frivolous filing.

6. After the Debtor filed his Petition on May 15, 2018, Pennymac had assigned its mortgage to another Lender, 'JDP' on November 9, 2018*.

[*Prior to this assignment Pennymac had assigned the mortgage to Tompkins Avenue Inc. on July 10, 2018 and then Tompkins Avenue Inc assigned the mortgage to JDP Mortgage LLC on November 9, 2018. Upon information and belief the principal of both Tompkins Avenue Inc. & JDP Mortgage LLC. (2 Delaware Entities) is a wealthy investor who resides in the State of Florida]

7. Therefore, the Debtor, NORTHFIELD, now had to deal with a new Creditor, to wit: 'JDP' . with whom the principal of the Debtor, Llan Avitsedek, had a very bad, bitter, and litigious relationship rendering any deal with this Creditor lender impossible ( as will explained below ).

8. As a result of the Mortgage having been assigned to Tompkins Avenue Inc. and later to JDP ., the Debtor's attorney, Eric Horn, made a Motion to Withdraw as legal counsel for the Debtor, upon information and belief this Motion was due to the fact that Eric Horn also represented the principal of ''JDP'. in other pending matters and upon information and belief he was in fear of losing this other client's business compelling him to move to withdraw as Debtor's counsel. In his Motion To Withdraw as Counsel to the Debtor, Eric Horn states in ¶6 of his Motion:

***"VBH has been advised that the principal of the lender owns entities that VBH represents and/or has represented in the past and contests this Firm's continued representation of the Debtor in this matter."***

9. The court subsequently granted the Debtor's attorney's Motion to Withdraw leaving the Debtor without counsel.

10. The new creditor 'JDP'. by its attorneys, Danielle Light, Esq. of the firm of Hasbani & Light, PC. commenced a Motion for Sanctions under RULE 9011 of the Federal Rules of Bankruptcy Procedure alleging *inter alia* that the Debtor exercised improper use of the Court by filing a frivolous Chapter 11 Petition with intent to hinder, delay and defraud the Creditor.'

The Creditor by its attorneys seeks legal fees and costs pursuant to Rule 11 and Rule 9011 against the Debtor only and not against his counsel.

**HISTORY OF THE BITTER LITIGIOUS RELATIONSHIP BETWEEN THE WEALTHY FLORIDA INVESTOR, WHO IS THE PRINCIPAL OF JDP MORTGAGE LLC., AND THE PRINCIPAL OF THE DEBTOR, NORTHFIELD, TO WIT: LIAN AVITSEDEK OF WHICH RELATIONSHIP THIS COURT IS NOT AWARE.**

11. There is an action pending in the United States District Court for the State of New Jersey under **Docket Number 2:18-CV-11398** wherein the same law firm that represents 'JDP', to wit: Daniel P. Light of the firm of Hasbani & Light P.C. is representing the Plaintiff, St. John Brooklyn LLC. , a Delaware entity which upon information and belief the principal of which is the SAME wealthy Florida investor who also owns and operates both' JDP' and Tompkins Avenue Inc.who is suing LLan Avitsedek, principal of the Debtor NORTHFIELD in the proceeding before this Court.

A copy of the Complaint, dated June 27, 2018, in that action is annexed hereto as ***Exhibit A.***

12. The Attorney for Llan Avitsedek in the New Jersey District Court case SUBMITTED a 17 page answer with counterclaim to the complaint. Among the Counterclaims, Counterclaim III on page 14 is a counterclaim alleging that Plaintiff violated Rule 11 in filing this RICO complaint with intent to harass Defendants and cause them to bear unnecessary litigation costs. The counterclaim further states on Page 15 at ¶121 ***"Plaintiff's conduct is abhorrent and sanctionable, and as such Defendants seek punitive damages against Plaintiff in an amount to be determined at trial"***

A copy of the Answer with Counterclaims is annexed hereto as ***Exhibit B.***

13. Clearly in this Bankruptcy proceeding, the law firm of Hasbani and Light along with the wealthy Florida investor who, upon information and belief, owns and controls Tompkin Avenue Inc., 'JDP' and St. John Brooklyn, LLC. ,[the Plaintiff in the New Jersey action] (all Delaware entities) is seeking its revenge by commencing this Motion for Sanctions to counter the Counterclaim for Rule 11 Sanctions and Punitive damages sought by Llan Avitsedek's attorney in the New Jersey action. This is a classic "tit for tat vendetta".

**WHY SANCTIONS SHOULD NOT BE GRANTED AND THE CREDITOR'S DEMANDS BE DENIED**

14. The decision whether to impose sanctions for a violation of Rule 9011 is discretionary with the Court: 10 COLLIER ¶ 9011.06[1], at 9011-16. Furthermore, the sanction is designed to deter rather than compensate, and should be no more than is necessary to effect this goal.

15. ***In re DAVID FRANCIS CHARLES REYES***, Southern District of New York [ Case No.: 14-13233 (SMB)], Judge Stuart M. Bernstein stated:

"In ***C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)***, *113* F.3d 1304 (2d Cir. 1997), the Second Circuit identified several badges that supported a finding that a chapter 11 case was filed in bad faith:

(1) the debtor has only one asset;

(2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;

(3) the debtor's one asset is the subject of a foreclosure action as a result of arrearage or default on the debt;

(4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;

(5) the timing of the debtor's filing evidences an intent to delay or frustrate the

legitimate efforts of the debtor's secured creditors to enforce their rights;
(6) the debtor has little or no cash flow;
(7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and
(8) the debtor has no employees.
***C-TC***, 113 F.3d at 1311 (quoting ***Pleasant Pointe Apartments, Ltd. v. Kentucky Hous. Corp.***, 139B.R. 828, 832 (W.D.Ky.1992))." ***Although these factors are generally applied in single asset real estate cases, they are appropriate to apply in this case because it, too, is essentially a single asset real estate case concerning the Property."***

***"This brings me to the last and most significant badge of bad faith in this case. The debtor concedes that he filed the chapter 11 case in order to litigate his rights in this Court instead of the Surrogate's Court. "As a general rule where, as here, the timing of the filing of a Chapter 11 petition is such that there can be no doubt that the primary, if not sole, purpose of the filing was a litigation tactic, the petition may be dismissed as not being filed in good faith." In re HBA East, Inc., 87 B.R. 248, 259-60 (Bankr. E.D.N.Y. 1988) (citations omitted); accord In re Wally Findlay Galleries (New York), Inc., 36 B.R. 849, 851 (Bankr. S.D.N.Y. 1984) (dismissing chapter 11 case because "[t]he debtor is unable to propose a meaningful plan of reorganization until its litigation . . . is resolved [and] [t]hus, it is evident that the debtor seeks to use this court not to reorganize, but to re-litigate. This is an impermissible use of Chapter 11 of the Bankruptcy Code."). Here, the debtor filed the bankruptcy case solely as a litigation tactic to try the dispute in a forum he deemed more favorable. "***

Despite the fact that the Court found the Chapter 11 Petition was filed for an improper purpose the Judge declined to impose sanctions stating as follows:

***" The decision whether to impose sanctions for a violation of Rule 9011 is discretionary.***

*10 COLLIER ¶ 9011.06[1], at 9011-16. Furthermore, the sanction is designed to deter rather than compensate, and should be no more than is necessary to effect this goal:*

*© Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation. . . . . (2) Nature of sanction; limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.*

*(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2). FED. R. BANKR. P. 9011(c)(2). In deciding the appropriate sanctions, courts may consider whether the improper conduct was willful or negligent, whether it was part of a pattern of activity or an isolated event, whether it infected the entire pleading or only one particular count or defense, whether the violator engaged in similar conduct in other litigation, whether it was The debtor and DeLaurentis (Debtor's attorney) contend that the motion for sanctions under Rule 9011 should be denied because Simon failed to send a "safe harbor motion" and afford them the opportunity to withdraw the petition. The "safe harbor" provision in Bankruptcy Rule 9011(c)(1)(A) does not apply if the bad faith relates to the filing of the petition because the filing has immediate, serious consequences and there is no absolute right to withdraw a chapter 7 or chapter 11 petition. 10 COLLIER ¶ 9011.05[1][b], at 9011-14. 14-13233-smb   Doc 52   Filed 08/04/15   Entered 08/04/15 12:55:46   Main Document    Pg 13 of 1814 intended to injure, the effect that the improper conduct had on the judicial process in time and expense, and whether the responsible person is trained in the law. When contemplating the amount of a monetary sanction, the court may also consider what is necessary to deter the violator from repeating the improper conduct in the same case in light of his financial resources and to deter similar activity by other litigants. FED. R. CIV. P. 11*

***advisory committee's note (1993).***

***I assume without deciding that the standard of objective bad faith needed to support dismissal of the petition is the same as the standard to impose sanctions under Rule 9011. Nevertheless, several of the cited factors weigh against imposing sanctions. Although the debtor and DeLaurentis filed the petition for an improper purpose, they were not seeking to delay or harass Simon or anyone else. To the contrary, they were trying to expedite the determination of the debtor's rights. The debtor is on public assistance and desperately needs a place to live.5 The debtor, though more probably DeLaurentis, clung to the sincere if misguided belief that Simon's position as a member of the New York State Assembly and the Assembly's Judiciary Committee would so affect the Surrogate as to preclude an impartial decision. The fault was not raising the issue with the Surrogate's Court, and instead, filing the bankruptcy case and removing the litigation to this Court as a means of avoiding the perceived bias. Furthermore, the improper conduct was not intended to injure anyone, and is not likely to recur. " Nevertheless, in light of all of the circumstances, including the honest though mistaken motivations behind the filing of the bankruptcy case and the limited effect it ultimately had on the Surrogate's Court proceedings, I decline in the exercise of my discretion to award any sanctions under Rule 9011. "***

16. In the case before the Court although this Debtor, NORTHFIELD, may have improperly filed the Chapter 11 case as set for in Judge Bernstein's ***In re DAVID FRANCIS CHARLES REYES*** using the guidelines set forth in ***In re C-TC 9th Ave. P'ship), 113*** F.3d 1304 (2d Cir. 1997), NORTHFIELD's principal, Llan Avitsedek, was not seeking to delay, harass, hinder and defraud anyone but he was simply trying to use Chapter 11 to try to save his real estate by making a deal with the bank, Pennymac, by negotiating with the bank.

17. After his Attorney withdrew, the Debtor was at a loss as to what to do and has no formal training in law.

18. Furthermore, this Debtor has been punished enough by the Court having granted *IN REM* relief from the automatic stay barring it from filing future petitions for a period of two years. (Order of Judge Nancy Hershey Lord dated January 4, 2019 Doc 33).

19. The Debtor has also been punished as the stay has been lifted and the foreclosure auction has been re-scheduled.

20. The new Creditor JDP has not been damaged or prejudiced as it came into the picture by assignment in November of 2018 and this case has not dragged on litigiously for many months or years.

21. In the case of ***In re Parikh*** in the Eastern District of New York [Case No. 807-72869-reg, & ***JOHN DESIDERIO v. SUNIL PARIKH*** [Adv. Proc. No. 808-8062] Judge Robert E. Grossman found that the attorney for the Chapter 7 Debtor filed the Petition in bad faith as he did not properly complete the Petition and the Schedules and he also failed to perform proper necessary investigative work prior to filing the Chapter 7 Petition.

The Creditor commenced a motion against the Debtor's attorney and the Debtor for sanctions seeking substantial sums of money in hundreds of thousands of dollars.

Despite having found the attorney guilty of sanctionable conduct in violation of Rule 11 and Rule 9011, Judge Grossman refused to impose any monetary sanctions by stating the following:

"***....the Court declines to impose further monetary sanctions against the Debtor under the other theories asserted by Desiderio(Creditor). Although the Court recognizes that it made specific findings of bad faith conduct by the Debtor in connection with the filing of the Chapter 7 Petition, it is clear in this case that the imposition of monetary sanctions against the Debtor at this stage of the proceedings will serve no purpose. First, the Debtor has already received the ultimate sanction for his conduct in connection with this bankruptcy case: the denial of discharge. At the conclusion of these proceedings – nearing seven years in duration – the Debtor will have received no relief in the form of a bankruptcy discharge. Although denial of discharge does not automatically preclude sanctions under Rule 9011(b)(1) for filing***

***a petition for an improper purpose, in this case, additional sanctions would not add any deterrence value. 'Further, under 28 U.S.C. §1927, even if the Court were to find that Pergament (Debtor's Attorney) acts "unreasonably or vexatiously," it cannot find that his conduct was the cause of the "multiplication" of these proceedings. To the contrary, if anyone is to blame for the overly litigious nature of these proceedings, it is Desiderio [the Creditor]. Desiderio's counsel has been more than a zealous advocate in this case and his conduct in seeking to collect sanctions and attorneys' fees from the Debtor, Meena and their counsel at every turn has bordered on the fanatical. As this Court previously found, the Debtor filed this case in bad faith, and his conduct in this case warranted a denial of discharge, which is the one of the most severe penalties to be imposed on a Chapter 7 debtor. To the extent Desiderio complains of Pergament's conduct during discovery, that misconduct was addressed by the prior monetary sanctions awarded against him, as well as the decision by Judge Eisenberg to limit the parties' use of certain evidence at trial."***

22. The purpose of sanctions is to deter not just to compensate. The courts have repeatedly stated that there are other alternatives available for Courts to deter bad conduct, to wit; a debtor's loss of protections emanating from the automatic stay after dismissal, the availability of involuntary petitions pursuant to § 303 and of criminal prosecution pursuant to 18 U.S.C. §§ 151-57, and the apparent ability of bankruptcy courts to grant motions to dismiss with conditions on future filings where bad faith may be present as was done in this case before this Court by the Order Granting *In Rem* Relief to the Creditor,' JDP '.

The Court has rendered alternatives against this Debtor by the dismissal of the case, by the Order granting *In Rem* Relief and by the Creditor having scheduled a foreclosure auction sale of the subject real property.

23. The allegations that the principal of the Debtor corporation is also the principal of the previous owner A&Q Estates Inc., which corporation previously filed a Chapter 7 Petition in this court under an alias is denied by the Debtor's principal, Lan Avitsedek, as that is simply an

allegation and not a proven fact before this Court.

24. The allegations that the principal of the Debtor corporation is a fraud and con artist using alias names, holding two licenses and two social security number is also simply an allegation and not a proven fact.

25. These allegations are also made in the complaint in the US District Court of New Jersey and there has been no adjudication on those malicious and repugnant allegations either by the Courts or the District Attorney's office.

26. These allegations of fraud and deception are being used in various courts and forums by the law firm of Hasbani and Light to impugn the reputation of Mr. Avitsedek so as to harass, harm, humiliate, and intimidate him.

**CONCLUSION**

27. The Debtor filed its Petition with the Court under the guidance and supervision of an attorney at law with good intentions, although perhaps improperly, with intent to make a deal with the mortgagee, Pennymac before the Pennymac mortgage was assigned to his litigious enemy the principal of JDP months after the petition filing thereby making nay deal with the bank impossible.

As stated herein the Motion by the attorneys, Hasbani and Light P.C. is a 'tit for tat' for the US District Court lawsuit wherein Mr. Avitsedek is seeking Rule 11 Sanctions and punitive damages against that law firm and the Plaintiff.

The Debtor's attorney withdrew from the case due to conflicts of interest in representing the principal of "JDP, Tompkins Avenue Inc. and St. John Brooklyn, Inc. leaving Debtor without counsel.

The Debtor and its principal have already been punished by this Court's Order granting *In Rem* Relief to JDP barring it from filing any bankruptcy petitions for two years and the case has also been dismissed causing the foreclosure auction sale to have been rescheduled.

As stated herein the primary purpose of sanctions is to deter bad conduct more than to compensate.

By the Order granting *In Rem* Relief and by the dismissal, this court has punished the Debtor as Courts have held sanctions would serve no further purpose under the circumstances.

**WHEREFORE,** it is respectfully requested that the Court deny the Motion for Sanctions in its entirety and for such other and further relief as to this Court may seem just and proper.

**Suffolk County, New York**
**March 4, 2019**

**PATRICK CHRISTOPHER (9701)**
**Attorney for the Debtor**
**40 Holbrook Road**
**Centereach, New York 11720**
**718-835-3300**
**patrick@pchristopherlaw.com**