# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW JERSEY

| | |
|---|---|
| St. John Brooklyn LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>Shirley Roque, David Cohen, David Cohan, Eli Cohan, Ilan David Avitsedek, Yanay Sharan a/k/a Sharan Yanay a/k/a Sharon Yanay, Kimberly Burnett, Roger Francis, Gina Francis a/k/a Gina Campbell, New World Abstract Inc.,<br><br>    Defendants. | Docket Number: |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, St. John Brooklyn LLC ("Plaintiff"), by their attorneys, Hasbani & Light, P.C., allege as follows:

### I. INTRODUCTION

1. Plaintiff is a mortgagee of a property located within this district bearing an address of 956 St. Johns Place, Brooklyn, New York (the "Property"). This action seeks to recover money fraudulently and unjustly obtained by Shirley Roque, David Cohen, David Cohan, Eli Cohan, Ilan David Avitsedek, Yanay Sharan a/k/a Sharan Yanay a/k/a Sharon Yanay, Kimberly Burnett, Roger Francis, Gina Francis a/k/a Gina Campbell and New World Abstract Inc. (collectively, "defendants") through their mortgage foreclosure scam.

2. As explained below, the criminal enterprise's activities run wide and deep, the full scope of which is not yet know. What is known is that as part of the scam, all of the defendants worked together to repeatedly transfer the deed to the Property, obtain loans and pay off prior

lienors, taking out equity to fund their criminal activities and never actually paying full value for the properties; never closing a deal that was an arms-length transaction. Kimberly Burnett and Gina Francis a/k/a Gina Campbell, for example, transferred ownership of the Property to Shirley Roque. Roque obtained a new loan and paid off their mortgages. In order to obtain the new loan, Shirley Roque made misrepresentations on her loan application to Plaintiff. She then closed on the loan, defaulted on Plaintiff's loan and then allegedly sold the Property to Yanay Sharan, who took title subject to Plaintiff's mortgage. Yanay Sharan took title to the Property as the straw-buyer for her husband, Ilan David Avitsedek, who goes by multiple aliases: David Cohen, David Cohan, Eli Cohan, Rami Laor, Laor Rami, and Eli Maor. Yanay Sharan also has several aliases: Sharan Yanay and Sharon Yanay. Upon information and belief, no transfer taxes were paid on the sale from Shirley Roque to Yanay Sharan.

3.    By this Complaint, Plaintiff brings this action against the defendants for: (a) violations of the federal Rackateer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961, *et seq.*; (b) common-law fraud; (c) unjust enrichment; (d) tortious interference with a contract.

4.    This action seeks actual damages of more than $744,000.00, which is the approximate amount owed to Plaintiff based on the fraud and misrepresentation of the parties involved in using Shirley Roque's credit to obtain a loan from Plaintiff.

5.    All of the acts and omissions of the defendants described throughout this Complaint were undertaken intentionally.

6.    The defendants' fraudulent scheme was designed to elicit payment from the proceeds of Plaintiff's loan to Shirley Roque for the benefit of the defendants.

7.    In each claim at issue in this Complaint, Plaintiff's loan was the platform upon

which the defendants sought and obtained payment for their mortgage foreclosure scam.

## II. THE PARTIES

### a. Plaintiff

8.      St. John Brooklyn, LLC is a limited liability corporation duly organized and existing under the laws of the State of Delaware.

9.      Plaintiff is the current owner and holder of a note and mortgage dated October 1, 2007 in the amount of $417,000 (the "Note" and the "Mortgage," collectively referred to as the "Loan").

### b. Defendants

10.     Shirley Roque resides in and is a citizen of New Jersey.

11.     Shirley Roque is the mortgagor and obligor on the Loan in the amount of $417,000. Shirley Roque obtained title to the Property from Kimberly Burnett and Gina Francis a/k/a Gina Campbell. Shirley Roque then sold the Property to Yanay Sharan a/k/a Sharan Yanay a/k/a Sharon Yanay.

12.     Gina Francis a/k/a Gina Campbell was married to Roger Francis, who is also a prior owner of the Property.

13.     Ilan David Avitsedek a/k/a David Cohen a/k/a David Cohan a/k/a Eli Cohan a/k/a Rami Laor a/k/a Laor Rami a/k/a Eli Maor, Yanay Sharan a/k/a Sharan Yanay a/k/a Sharon Yanay, Kimberly Burnett, Roger Francis, Gina Francis a/k/a Gina Campbell reside in and are citizens of New York.

14.     New World Abstract Inc. is a corporation duly organized and existing under the laws of the State of New York, having its principal place of business in Queens, New York.

15.     Ilan David Avitsedek a/k/a David Cohen a/k/a David Cohan a/k/a Eli Cohan a/k/a

Rami Laor a/k/a Laor Rami a/k/a Eli Maor (collectively referred to as "Avitsedek") and his wife, Sharan Yanay a/k/a Yanay Sharan a/k/a Sharon Yanay (collectively referred to as "Yanay") are real estate investors. Together, Avitsedek and Yanay have a pattern of defrauding mortgagors of their properties in foreclosure by paying nuisance value to the mortgagors in exchange for the deed and a promise that the first lien will be satisfied although that first mortgage is in foreclosure. Multiple lawsuits have been filed against Avitsedek making these claims by different attorneys with regard to different properties across New York.

16. New World Abstract Inc. recorded the deeds for the Property and, upon information and belief, conducted the closing for the Loan and prior closings for the prior owners.

### III. JURISDICTION AND VENUE

17. Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1332 because this is an action asserting a federal question pursuant to The Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1961, *et seq.*), and pendent and supplemental jurisdiction over its state law claims pursuant to 28 U.S.C. § 1367.

18. Venue is proper pursuant to 28 U.S.C. § 1391 because one of the RICO Defendants reside in the District.

### IV. FACTUAL BACKGROUND

19. This case is about a well-organized and far reaching foreclosure rescue scam designed by the defendants to defraud Plaintiff. All of the defendants were improperly, unfairly and illegally enriched by the defendants by willfully, systematically and unfirmly taking illegal advantage of lenders, such as Plaintiff, by transferring deeds and obtaining new loans based on fraudulent loan applications to avoid foreclosure. As of the date of filing of this matter, Plaintiff's

Loan remains in default and unpaid despite the money that Shirley Roque received from Yanay Sharan from the proceeds of the "sale" of the Property.

20. The defendants have engaged in willful, systematic and widespread violations of the RICO. RICO provides protections against patterns of racketeering, which consist of the repeated violations of predicate acts which are criminal violations such as mail fraud, wire fraud or money laundering to evade taxes as well as the collection of unlawful debt.

21. The defendants wholly ignored the requirements of RICO and conducted their mortgage foreclosure scam enterprise willfully and without regard for the rights of lenders or state or federal laws. Instead, defendants developed an elaborate scheme to defraud lenders by obtaining loans under false pretenses through false loan applications and supporting documentation.

22. Defendants Kimberly Burnett, Gina Francis a/k/a Gina Campbell and Roger Francis repeatedly transferred the Property by deed between them until they transferred the Property to Shirley Roque. With almost each transfer, loans were obtained by the grantee of the deed and the grantor(s) mortgages were satisfied, taxes were not paid and new loans were originated to help fund the enterprise. Shirley Roque was then added to the chain of title in 2007. Shirley Roque used false information to obtain financing for her purchase of the Property.

23. With the transfers between Kimberly Burnett, Gina Francis a/k/a Gina Campbell and Roger Francis, New World Abstract Inc. served as the settlement agent for the closings, preparing the deed transfer and related documentation. After receiving the benefit of the Loan, Shirley Roque defaulted on the Loan and the scam continued with a transfer of the Property to Yanay Sharan who acted as a "straw buyer" on behalf of her husband Ilan Avitsedek. Upon information and belief, transfer taxes were never paid.

24. A settlement company, such as New World Abstract Inc., would ordinarily inquire as to the chain of title, especially when asked to repeatedly transfer the same Property back and forth.

25. After the Property was transferred to Shirley Roque and she obtained the Loan, she defaulted and left Plaintiff injured because the Loan has not been paid back.

### V. CAUSE OF ACTION 1: CIVIL RICO

26. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in foregoing Paragraphs of the Complaint with the same force and effect as if more specifically set forth herein.

27. In connection with the activities giving rise to this action, defendants acted with malice, intent and knowledge, and with a wanton disregard for the rights of Plaintiff and other lenders.

28. At all relevant times herein, the enterprise described herein operated separately and distinct from each individual defendant. The enterprise consisted of an association in fact of the defendants to implement and conduct the mortgage foreclosure scam, which has been operated over the course of a few years through the use of mail, wire, and tax fraud, and their application for and receipt of loans obtained through fraudulent misrepresentations by unsuspecting lenders.

29. The enterprise was engaged in interstate commerce in that, *inter alia*, Shirley Roque has always been a resident of New Jersey and the lenders, which are subject to the scheme of the defendants, are citizens of other states within the United States.

30. Upon information and belief, the initial capital contributions invested by each defendant forming the enterprise, the mortgage foreclosure scam, was illicit income derived from a pattern of racketeering activity and their receipt of loans obtained through fraudulent

misrepresentations on loan applications by unsuspecting lenders after a fraudulent transfer of the property at issue. Their income also came from the fraudulent sales of properties to other individuals within the enterprise.

31. Upon information and belief, the defendants had each previously set up, operated, invested in and conspired to create other illegal real estate related enterprises to conduct various settlement services that used a pattern of racketeering activity, including obtaining loans based on false pretenses, to conduct its business and launder money. Each defendant conducted or participated in the conduct of such enterprise's affairs.

32. At all relevant times herein, in connection with the activities giving rise to this action, the defendants conspired with each other to engage in the various activities set forth herein, agreed to participate in the operation of the conspiracy and scheme to defraud Plaintiff and other lenders, and aided and abetted one another in these activities.

33. As set forth herein, during the relevant times, and in furtherance of and for the purpose of executing the scheme and artifice to defraud, the defendants on numerous occasions, used and cause to be used, mail depositories of the United States Postal Service by both placing and causing to be removed mailable matter from said depositories, including but not limited to, HUD-1 Settlement Statements, correspondence, other closing documents, payments, deeds, and original copies of owner's tile insurance policies that fraudulently misrepresented and concealed the true nature of the relationship between the conspirators and concealed the true nature of the services provided by the mortgage foreclosure scam.

34. The defendants associated together for a common purpose of engaging in a course of conduct to defraud lenders out of money they are entitled to under notes and mortgages given to them by mortgagors/obligors.

35. As a result of the foregoing, Plaintiff was injured by this enterprise's scam because it remains the owner of a Loan in default where the mortgagor, Shirley Roque, fraudulently misrepresented critical information. The fraud gave the enterprise another source of revenue with money that was supposed to be secured by the Property. Then, after Shirley Roque defaulted, she unlawfully transferred ownership the Property to Yanay for no consideration and without payment of a transfer tax. Upon information and belief, Yanay, as a straw-buyer for Avitsedek, took title to the Property subject to Plaintiff's Loan with the intention of disputing the Loan so that the enterprise could once again unlawfully benefit from an innocent lender's origination of a Loan not knowing of the fraud before it. The defendants benefitted from this scam because they avoided foreclosure and obtained loans based on the pretense that they were selling the property through an arms-length transaction for value, when in fact they were not.

36. Based on the foregoing, defendants must be found to have violated RICO.

## VI. CAUSE OF ACTION 2: COMMON LAW FRAUD

37. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in foregoing Paragraphs of the Complaint with the same force and effect as if more specifically set forth herein.

38. Shirley Roque obtained the Loan on October 1, 2007. The loan application and other loan documents that she signed, stated that she intended and/or promised to reside at the Property.

39. Upon information and belief, Shirley Roque never resided at the Property. Upon information and belief, Shirley Roque knew that when she signed the loan application and related documentation that she would not reside at the Property. Therefore, she intentionally and knowingly made false statements to the originating lender for the Loan.

40. Based on the belief that Shirley Roque would reside at the Property, Plaintiff originated the Loan.

41. Shirley Roque's fraudulent misrepresentation caused Plaintiff injury because it intended to secure an owner-occupied Property, not an investment Property or a Property that was being used as a pawn in an unlawful enterprise to defraud lenders in a mortgage foreclosure scam. The subsequent default by Shirley Roque caused Plaintiff more harm because it continues to accrue fees and other related expenses in an attempt to recover under the Note and Mortgage, all of which would be unnecessary if Shirley Roque lived at the Property and continued to pay back the Loan that she promised to pay.

### VII.   CAUSE OF ACTION 3:  UNJUST ENRICHMENT

42. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in foregoing Paragraphs of the Complaint with the same force and effect as if more specifically set forth herein.

43. Based upon the fraudulent acts and omissions of defendants, as set forth above in great detail, Shirley Roque obtained the Loan from Plaintiff's predecessor-in-interest. Based upon the misrepresentations on Shirley Roque's loan application, the defendants received a direct benefit by obtaining the proceeds from the Loan to help finance the enterprise.

44. Shirley Roque then defaulted by failing to repay the Loan in accordance with the terms of the Note.

45. Despite the default on the Loan, Shirley Roque and now Yanay have been collecting rent and other sources of income from the Property at Plaintiff's expense. Furthermore, defendants have had exclusive use and occupancy of the Property despite making any payments to Plaintiff as required under the terms of the Note.

46.     Since defendants have been unjustly enriched at Plaintiff's expense, Plaintiff seeks damages to be made whole in the interests of justice and equity.

### VIII.   CAUSE OF ACTION 4:  TORTIOUS INTERFERENCE WITH A CONTRACT

47.     Avitsedek and Yanay intentionally interfered with Plaintiff's contract when Yanay took title to the Property as the straw-buyer for Avitsedek without paying Plaintiff.

48.     Yanay took title to the Property from Shirley Roque subject to Plaintiff's Mortgage. Shirley Roque negotiated settlement of Plaintiff's Loan.

49.     At some later point, Plaintiff discovered the existence of the Yanay-Avitsedek "purchase" of the Property for no consideration and without payment of transfer taxes.

50.     Yanay and Avitsedek intentionally interfered with Plaintiff's contract with Shirley Roque with an intention to defraud Plaintiff from the monies owed to it.

51.     There is no justification for the interference by Yanay and Avitsedek other than to defraud Plaintiff and to collect rent from the Property.

52.     The interference by Avistedek and Yanay caused damage to Plaintiff because its Loan remains in default while Yanay continues to collect rent from the Property.

### IX.   DEMAND FOR RELIEF

WHEREFORE, Plaintiff, St. John Brooklyn, LLC, respectfully prays that judgment enter in their favor, as follows:

### CAUSE OF ACTION 1

### MORTGAGE FORECLOSURE SCAM ENTERPRISE

### (Violations of RICO)

(a)     AWARD Plaintiff's actual and consequential damages to be established at trial;

(b)    AWARD Plaintiff's treble damages pursuant to 18 U.S.C. § 1964, interests, costs, and attorneys' fees; and

(c)    GRANT injunctive relief enjoining the defendants from engaging in the wrongful conduct alleged in the Complaint; and

(d)    GRANT all other relief this Court deems just.

## CAUSE OF ACTION 2

### (Common-Law Fraud)

(a)    AWARD Plaintiff's actual damages in an amount to be determined at trial;

(b)    AWARD Plaintiff its costs, including, but not limited to, investigative costs incurred in the detection of defendants' illegal conduct; and

(c)    AWARD Plaintiff its costs in defending the suits filed by Sharan seeking to cancel the Mortgage; and

(d)    AWARD Plaintiff its costs in prosecuting the foreclosure action against Shirley Roque and

(e)    GRANT any other relief this Court deems just.

## CAUSE OF ACTION 3

### (Unjust Enrichment)

(a)    AWARD Plaintiff's actual and consequential damages to be determined at trial; and

(b)    GRANT any other relief this Court deems just.

## CAUSE OF ACTION 4

### (Tortious Interference with a Contract)

(a)  AWARD Plaintiff's actual and consequential damages to be determined at trial; and

(b)  GRANT any other relief this Court deems just.

Dated: New York, New York  
June 27, 2018

HASBANI & LIGHT, P.C.

*Danielle Light* (signature)

Danielle P. Light, Esq.  
*Counsel for Plaintiff*  
450 Seventh Avenue, Suite 1408  
New York, New York 10123  
Tel: (646) 490-6677  
dlight@hasbanilight.com