**EXHIBIT B**

Steven Amshen, Esq. (004822013)
**PETROFF AMSHEN LLP**
*Attorneys for Defendants*
1795 Coney Island Avenue, 3rd Floor
Brooklyn, New York 11230
Tel: 718-336-4200
samshen@lawpetroff.com

**UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW JERSEY**

| | |
|---|---|
| St. John Brooklyn, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>Shirly Roque, David Cohen, David Cohan, Eli Cohan, Ilan David Avitsedek, Yanay Sharan a/k/a Sharan Yanay a/k/a Sharon Yanay, Kimberly Burnett, Roger Francis, Gina Francis a/k/a Fina Campbell, New World Abstract Inc.,<br><br>                             Defendants. | HON. CLAIRE C. CECCHI, U.S.D.J.<br><br>Case No. 2:18-cv-11398<br><br>**ANSWER WITH COUNTERCLAIMS** |

Defendants David Cohen, David Cohan, Eli Cohan, Ilan David Avitsedek, Yanay Sharan a/k/a Sharan Yanay a/k/a Sharon Yanay ("Defendants"), by and through their attorneys, now answer Plaintiff's Complaint against them as follows:

**I.  INTRODUCTION**

1. Defendants deny all of the allegations contained in paragraph 1.

2. Defendants deny all of the allegations contained in paragraph 2.

3. Defendants deny all of the allegations contained in paragraph 3.

4. Defendants deny all of the allegations contained in paragraph 4.

5. Defendants deny all of the allegations contained in paragraph 5.

6. Defendants deny all of the allegations contained in paragraph 6.

7. Defendants deny all of the allegations contained in paragraph 7.

## II. THE PARTIES

### a. Plaintiff

8. Defendants are without sufficient information or knowledge to respond to the allegations in paragraph 8.

9. Defendants deny all of the allegations contained in paragraph 9.

### b. Defendants

10. Defendants are without sufficient information or knowledge to respond to the allegations in paragraph 10.

11. Defendants admit the allegations contained in paragraph 11 to the extent that Defendant Yanay Sharan purchased the Property from Shirley Roque, but are without sufficient information or knowledge to respond to the remaining allegations contained in paragraph 11.

12. Defendants are without sufficient information or knowledge to respond to the allegations in paragraph 12.

13. The Defendants admit they are residents and citizens of New York, but are without sufficient information or knowledge to respond to the remaining allegations contained in paragraph 13.

14. Defendants are without sufficient information or knowledge to respond to the allegations in paragraph 14.

15. Defendants deny all of the allegations contained in paragraph 15.

16. Defendants are without sufficient information or knowledge to respond to the allegations in paragraph 16.

### III. JURISDICTION AND VENUE

17. The allegations in paragraph 17 constitute conclusions of law to which no response is required. Insofar as a response is required, the allegations are denied.

18. The allegations in paragraph 18 constitute conclusions of law to which no response is required. Insofar as a response is required, the allegations are denied.

### IV. FACTUAL BACKGROUND

19. Defendants deny all of the allegations contained in paragraph 19.

20. Defendants deny all of the allegations contained in paragraph 20.

21. Defendants deny all of the allegations contained in paragraph 21.

22. Defendants are without sufficient information or knowledge to respond to the allegations in paragraph 22.

23. Defendants deny all of the allegations contained in paragraph 23 to the extent such allegations are directed at Defendants, but are without sufficient information or knowledge to respond to the remaining allegations contained in paragraph 23.

24. Defendants are without sufficient information or knowledge to respond to the allegations in paragraph 24.

25. Defendants are without sufficient information or knowledge to respond to the allegations in paragraph 25.

### V. CAUSE OF ACTION 1: CIVIL RICO

26. Defendants repeat and reallege their foregoing responses as if set forth herein at length.

27. Defendants deny all of the allegations contained in paragraph 27.

28. Defendants deny all of the allegations contained in paragraph 28.

29. Defendants deny all of the allegations contained in paragraph 29.

30. Defendants deny all of the allegations contained in paragraph 30.

31. Defendants deny all of the allegations contained in paragraph 31.

32. Defendants deny all of the allegations contained in paragraph 32.

33. Defendants deny all of the allegations contained in paragraph 33.

34. Defendants deny all of the allegations contained in paragraph 34.

35. Defendants deny all of the allegations contained in paragraph 35.

36. The allegations in paragraph 36 constitute conclusions of law to which no response is required. To the extent a response is required Defendants deny all of the allegations contained in paragraph 36.

## VI.    CAUSE OF ACTION 2: COMMON LAW FRAUD

37. Defendants repeat and reallege their foregoing responses as if set forth herein at length.

38. Defendants are without sufficient information or knowledge to respond to the allegations in paragraph 38.

39. Defendants are without sufficient information or knowledge to respond to the allegations in paragraph 39.

40. Defendants are without sufficient information or knowledge to respond to the allegations in paragraph 40.

41. Defendants are without sufficient information or knowledge to respond to the allegations in paragraph 41.

## VII. CAUSE OF ACTION 3: UNJUST ENRICHMENT

42. Defendants repeat and reallege their foregoing responses as if set forth herein at length.

43. Defendants deny all of the allegations contained in paragraph 43.

44. Defendants are without sufficient information or knowledge to respond to the allegations in paragraph 44.

45. Defendants deny all of the allegations contained in paragraph 45.

46. Defendants deny all of the allegations contained in paragraph 46 and oppose all requests for relief contained therein.

## VIII. CAUSE OF ACTION 4: TORTIOUS INTERFERENCE WITH A CONTRACT

47. Defendants deny all allegations of wrongdoing in paragraph 47.

48. Defendants deny all of the allegations contained in paragraph 48.

49. Defendants deny all of the allegations contained in paragraph 49.

50. Defendants deny all of the allegations contained in paragraph 50.

51. Defendants deny all of the allegations contained in paragraph 51.

52. Defendants deny all of the allegations contained in paragraph 52.

## IX. DEMAND FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief sought against them in the WHEREFORE paragraph.

### CAUSE OF ACTION 1
### MORTGAGE FORECLOSURE SCAM ENTERPRISE
### (Violations of RICO)

(a) Defendants deny that Plaintiff is entitled to the relief sought against them;

(b) Defendants deny that Plaintiff is entitled to the relief sought against them;

(c) Defendants deny that Plaintiff is entitled to the relief sought against them; and

(d) Defendants deny that Plaintiff is entitled to the relief sought against them.

## CAUSE OF ACTION 2
### (Common Law Fraud)

(a) Defendants deny that Plaintiff is entitled to the relief sought against them;

(b) Defendants deny that Plaintiff is entitled to the relief sought against them;

(c) Defendants deny that Plaintiff is entitled to the relief sought against them;

(d) The relief requested in this paragraph is directed to defendants other than Defendants. In that it may require an answer from Defendants, it is denied that Plaintiff is entitled to any relief sought; and

(e) Defendants deny that Plaintiff is entitled to the relief sought against them.

## CAUSE OF ACTION 3
### (Unjust Enrichment)

(a) Defendants deny that Plaintiff is entitled to the relief sought against them; and

(b) Defendants deny that Plaintiff is entitled to the relief sought against them;

## CAUSE OF ACTION 4
### (Tortious Interference with a Contract)

(a) Defendants deny that Plaintiff is entitled to the relief sought against them; and

(b) Defendants deny that Plaintiff is entitled to the relief sought against them;

## AFFIRMATIVE DEFENSES

53. Plaintiff has failed to state a cause of action against Defendants.

54. Plaintiff has not sustained damages as alleged in the complaint.

55. Plaintiff's claims are barred due to its lack of standing.

56. Plaintiff's claims are barred under the doctrine of laches.

57. Plaintiff's claims are barred because of its unclean hands.

58. Plaintiff's claims are barred because they have failed to exhaust contractual remedies.

59. Plaintiff's claims are barred by the applicable statute(s) of limitation.

60. Plaintiff's Complaint is wholly insufficient to sustain a cause of action under RICO, Common Law Fraud, Unjust Enrichment or Tortious Interference with a Contract. These causes of action require particularity in pleadings and Plaintiff has not met this burden.

61. Plaintiff failed to mitigate its alleged damages.

62. Plaintiff's claims are barred under the doctrines of collateral estoppel, waiver and/or *res judicata.*

63. Plaintiff has not suffered any injury proximately caused by the conduct alleged in the complaint under the Civil RICO Act.

64. The RICO claim is barred by the Statute of Limitations, under the injury discovery rule. The Complaint was filed more than four (4) years from the discovery of the alleged injury. Therefore, this cause of action is time-barred.

65. The Defendants assert that Plaintiff failed to state an essential element for the RICO claim.

66. As essential to all RICO claims, Plaintiff failed to prove they were the intended target of the alleged RICO scheme.

67. As essential to all RICO claims, Plaintiff failed to prove that Defendants acted as an enterprise or as part of an enterprise.

68. As essential to all RICO claims, Plaintiff failed to sustain its burden that Defendants associated together for the purpose in engaging in an illegal course of conduct.

69. As essential to all RICO claims, Plaintiff failed to prove a pattern with a threat of continuity in their Complaint against Defendants.

70. The Plaintiff failed to plead with particularity the underlying predicate crimes the Defendants are alleged to have committed. The allegations made by Plaintiff are vague and conclusory.

71. A RICO complaint must allege that a specifically identified predicate act was the proximate cause for the Plaintiff's injury. Plaintiff has failed to carry this burden in this initial pleading stage.

72. Alleged fraudulently induced loans which are the subject of a pending collection action are not actionable injuries under RICO.

73. There is no existence of a valid contract between Plaintiff and Defendant Roque because Plaintiff is not the owner of the Note and Mortgage.

74. Defendants expressly reserve the right to move the Court for leave to assert other affirmative defenses as may be appropriate as this action proceeds.

### FACTUAL ALLEGATIONS REGARDING COUNTERCLAIMS

75. Defendant Sharan is the record holder of the subject Premises located at 956 St. Johns Place, Brooklyn, New York 11213 (the "Property").

76. In or around 2011, Defendant Roque contacted Defendant Avitsedek for the express purpose of having him arrange the short sale of the subject Property.

77. When Defendant Roque contacted Defendant Avitsedek, her Property had been in foreclosure since approximately 2009 in an action in the Supreme Court of Kings County (*CitiMortgage, Inc. v. Shirley Roque, et al.*, Index Number 13154/2009).

78. Said foreclosure action was commenced, specifically, in connection with the

subject mortgage loan upon Plaintiff now asserts its ownership interest.

79. Subsequent to the filing of the Prior Action, the Mortgage was allegedly assigned on four (4) separate occasions:

(1) on or about May 6, 2010, the Mortgage was allegedly assigned from CitiMortgage to PNMAC Mortgage Co., LLC via an Assignment of Mortgage recorded on June 14, 2010 in CRFN No. 2010000195987;

(2) on or about December 11, 2012, the Mortgage was allegedly assigned from PNMAC Mortgage Co., LLC to PennyMac Loan Trust 2010-NPL1 via an Assignment of Mortgage recorded on February 14, 2013 in CRFN No. 2013000064881;

(3) on or about July 19, 2013, the Mortgage was allegedly assigned from PennyMac Loan Trust 2010-NPL1 to PennyMac Loan Services, LLC via an Assignment of Mortgage recorded on August 15, 2013 in CRFN No. 2013000322641; and

(4) on or about April 21, 2014, the Mortgage was allegedly assigned from PennyMac Loan Services, LLC to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as separate Trustee for PennyMac Loan Trust 2010-NPL1 ("Christiana Trust") via an Assignment of Mortgage recorded on May 6, 2014 in CRFN No. 2014000152414.

80. By deed dated September 9, 2011 and recorded in the Office of the Clerk of the County of Kings on about October 11 in CRFN 2011000382889, Defendant Roque transferred title to the subject Property to Defendant Sharan.

81. On or about August 13, 2013, CitiMortgage (as predecessor-in-interest to Christiana Trust) moved for a second Order of Reference in the Prior Action, which was granted

9

by the Honorable Johnny L. Baynes on or about October 21, 2013.

82. Thereafter, Christiana Trust obtained a Judgment of Foreclosure and Sale in the Prior Action via an Order of the Honorable Johnny L. Baynes, dated July 28, 2015.

83. On or about November 16, 2015, Ms. Roque moved via Order to Show Cause, for among other things: (1) dismissal of the Prior Action, pursuant to CPLR § 315(c), CPLR § 2309(d), and CPLR § 306-b; and (2) vacatur of the July 28, 2015 Judgment of Foreclosure and Sale and the October 21, 2013 Order of Reference.

84. Ultimately, after the application being fully briefed and orally argued on the record, by Order dated May 25, 2016, the Honorable Johnny Lee Baynes dismissed the Prior Action as a result of Christiana Trust's (and/or its predecessors-in-interest) failure to proffer a certificate of conformity with its out-of-state affidavit of service, as was required pursuant to CPLR § 2309(c).

85. On or about January 6, 2017, Defendant Sharan, current owner, filed an action in the Supreme Court of Kings County seeking, among other things, to quiet title to the Premises, pursuant to RPAPL Article 15, and to cancel and remove the mortgage and to compel determination of claims to real property (*Sharan v. Christiana Trust, et. al.*, Index Number 500334/2017).

86. On or about January 27, 2017, Christiana Trust filed a motion seeking dismissal of Sharan's Complaint in the Article 15 Action. Defendant Sharan, in turn, cross-moved seeking for summary judgment in favor of Defendant Sharan with regard to her claims against Christiana Trust.

87. Prior to the court's issuance of a decision on the aforementioned motions in the Article 15 Action, Plaintiff (and/or its alleged predecessors) filed an Order to Show Cause with a Temporary Restraining Order ("TRO") asking the court to stay consideration of the motion until

10

a hearing was held on another Order to Show Cause filed by Plaintiff (and/or its alleged predecessors) which sought restoration of the Prior Action. The TRO was initially granted, and the Article 15 Action was stayed.

88. However, despite the stay initially imposed by Justice Wooten, by Decision and Order, dated July 17, 2018 and entered with the Clerk of the Court on July 26, 2018, the Honorable Paul Wooten, J.S.C. granted Summary Judgement to Defendant Sharan (the "Decision").

89. It is also worth noting that during the pendency of the Article 15 Action, several additional developments occurred in connection with the subject Mortgage loan. First and foremost, Christiana Trust filed a new foreclosure action in Kings County Supreme Court, on or about June 15, 2017, in a proceeding entitled *Christiana Trust v. Roque*, Index Number 511782/2017 (the "New Foreclosure Action").

90. The New Foreclosure Action is still pending in Kings County Supreme Court — although the same is now moot in light of Justice Wooten's July 17, 2018 Decision.

91. Further, the Mortgage was allegedly assigned on two (2) further occasions:

(1) on or about January 18, 2018, the Mortgage was allegedly assigned from Christiana Trust back to PNMAC Mortgage Co., LLC via an Assignment of Mortgage recorded on February 2, 2018 in CRFN No. 2018000040598; and

(2) on or about January 18, 2018, the Mortgage was allegedly assigned from PNMAC Mortgage Co., LLC to Crosby Capital USA LLC via an Assignment of Mortgage recorded on February 2, 2018 in CRFN No. 2018000040599.

92. It must be noted there is no recorded Assignment of Mortgage demonstrating an assignment of the Mortgage loan to Plaintiff (St. John Brooklyn, LLC).

93. As such, Plaintiff has failed to prove its standing to even commence this action.

94. In sum, after three (3) separate actions with a great deal of motion practice, Plaintiff now seeks to invent causes of action because it does not like the result it received in New York State Supreme Court (*i.e.*, that the relevant mortgage loan is now time-barred and unenforceable).

95. After much litigation, it cannot be disputed that Defendant Sharan is the true, proper and legal owner of the subject Property, and as such, has exercised her rights to benefit from said ownership by entering into lease agreements in connection with the Property and collecting monthly rent from tenants under those same lease agreements.

I.   **First Counter-Claim: Tortious Interference with a Contract**

96. Defendants repeat, reiterate and re-allege each and every fact as set forth in the foregoing paragraphs of the Answer with the same force and effect as if more specifically set forth herein.

97. Defendant Sharan has entered into valid and enforceable leases in connection with the subject Property with various tenants who reside at the Property.

98. Plaintiff is, and has been, fully aware that Defendant Sharan has entered into valid and enforceable lease agreements with tenants in connection with the Property.

99. Plaintiff and its agents have intentionally interfered with Defendant Sharan's contractual agreements and have maliciously and purposefully induced Defendant Sharan's tenants to breach said lease agreements.

100. Plaintiff and its agents have directly contacted Defendant Sharan's tenants, both through mailed communications and telephonically, misinforming them that any and all rent payments should be made to Plaintiff and/or Plaintiff's agents under the terms of the subject Mortgage agreement, and not to Defendant Sharan, despite the mortgage being now invalid and unenforceable.

## II. Second Counter-Claim: Malicious Abuse of Process

104. Defendants repeat, reiterate and re-allege each and every fact as set forth in the foregoing paragraphs of the Answer with the same force and effect as if more specifically set forth herein.

105. After multiple failed lawsuits (*CitiMortgage, Inc. v. Shirley Roque, et al.*, Index Number 13154/2009; *Sharan v. Christiana Trust, et. al.*, Index Number 500334/2017; *Christiana Trust v. Roque*, Index Number 511782/2017) by Plaintiff's alleged predecessor-in-interest, Plaintiff commenced this action against Defendants.

106. The previous lawsuits have all resulted in decisions favorable to the Defendants including, but not limited to, the cancellation and discharge of the very Mortgage that Plaintiff is claiming in this action to be the owner and/or holder of.

107. Even a cursory reading of the Complaint shows that the current lawsuit initiated by Plaintiff lacks any merit, is utterly frivolous, and was brought solely to: (1) harass and punish the Defendants for procuring the cancellation and discharge of Plaintiff's mortgage interest; and/or (2) as a means for Plaintiff to attempt to collect some of the amounts that it is now barred from collecting under its extinguished mortgage interest.

13

108. Plaintiff is improperly and maliciously employing the court system and judicial process as a means to seek retribution the Defendants and drain them of their limited resources.

109. The instant lawsuit, which was wrongfully commenced by Plaintiff against the Defendants, has caused Defendants damage, in that Defendants have been forced to retain counsel and defend themselves against an action that is clearly frivolous in nature.

110. Wherefore, Defendants are entitled to actual damages, as well as punitive damages in an amount to be determined at trial.

### III. Third Counter- Claim: Plaintiff Violated Rule 11 in Filing this Claim

111. Defendants repeat, reiterate and re-allege each and every fact as set forth in the foregoing paragraphs of the Answer with the same force and effect as if more specifically set forth herein.

112. Plaintiff, through its attorneys, filed this Complaint with the United States District Court of New Jersey.

113. Plaintiff, through its attorneys, commenced this lawsuit as a way to harass Defendants and cause Defendants to bear unnecessary litigation costs, as well as be forced to defend their characters in Court.

114. Plaintiff, through its attorneys, seeks to punish Defendants after Plaintiff (and its alleged predecessors-in-interest) failed in its attempt to foreclose on subject Property.

115. Plaintiff, through its attorneys, filed the current lawsuit against Defendant for an improper and frivolous purpose, solely as an attempt to punish Defendants for prevailing in the multiple previous actions and causing the cancellation and discharge of the mortgage interest that Plaintiff allegedly owns.

14

116. Plaintiff and its attorneys knowingly lack any evidentiary support to bring its claims and the current causes of action utterly lacks any merit whatsoever.

117. The basis for which the Plaintiff seeks relief in its complaint, Civil RICO, Common Law Fraud, Tortious Interference with a Contract, and Unjust Enrichment are not supported by the relevant case law and the true facts do not support it either.

118. Plaintiff does not have standing to bring this lawsuit. There is no evidentiary support or record of any recorded Assignment of Mortgage demonstrating an assignment of the Mortgage loan to Plaintiff.

119. The Plaintiff and its attorneys have knowledge that this Complaint pleading does not advance good faith causes of action.

120. Plaintiff, through its attorneys, has filed the current lawsuit against Defendants for an improper and meritless purpose, solely as an attempt to punish Defendants for prevailing in the multiple previous actions.

121. Plaintiff's conduct is abhorrent and sanctionable, and as such, Defendants seek punitive damages against Plaintiff in an amount to be determined at trial.

## JURY DEMAND

122. Defendants hereby demand a trial by jury of all issues herein.

## DESIGNATION OF TRIAL COUNSEL

123. Defendants hereby designate STEVEN AMSHEN, ESQ. as trial counsel in the within matter.

**WHEREFORE,** Defendants respectfully request that this Court:

a. Dismiss all of Plaintiff's claims against Defendants with prejudice; and

b. Grant the Defendants' counterclaims in their entirety; and

c. Award Defendants all costs, disbursements, and reasonable attorney fees allowed by law; and

d. Grant Defendants any such further relief to which it may be entitled.

*/s/ Steven Amshen*
Steven Amshen
Petroff Amshen LLP
1795 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11230
(718) 336-4200
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify a copy of the foregoing was served upon all counsel of record by means of the Court's electronic filing system on this 26th day of October, 2018.

/s/ *Steven Amshen*
Steven Amshen
Petroff Amshen LLP
1795 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11230
(718) 336-4200
*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Northfield 30 Corp.,

                    Debtor.
-----------------------------------------------------------X

Chapter 11

Case No. 18-42802-nhl

## ORDER GRANTING MOTION OF VOGEL BACH & HORN, LLP TO WITHDRAW AS COUNSEL TO THE DEBTOR

Upon the motion ("Motion") of Vogel Bach & Horn, LLP (the "Firm") for leave pursuant to Local Bankruptcy Rule 2090-1(e) to withdraw as counsel to the Debtor; and due and sufficient notice of the Motion having been given; and a hearing having been held on September 27, 2018, at which appeared Jonathan TenBrink (Of Counsel to JDP Mortgage), Nazar Khodorovsky (U.S. Trustee), Eric H. Horn (Outgoing Counsel to Debtor) (the "Hearing"); and no opposition to the Motion having been filed; and upon the record of the Hearing and of this case; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is granted as set forth herein; and it is further

**ORDERED**, that the Vogel Bach & Horn, LLP is hereby authorized to withdraw as counsel to the Debtor effective immediately.



Dated: October 13, 2018
Brooklyn, New York

/s/ Nancy Hershey Lord
Nancy Hershey Lord
United States Bankruptcy Judge