UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

IN RE:

NORTHFIELD 30 CORP.

        DEBTOR.

DOCKET NO. 18-42802-CEC

# CREDITOR'S MEMORANDUM OF LAW IN REPLY TO DEBTOR'S OPPOSITION TO CREDITOR'S MOTION FOR <u>RULE 11 SANCTIONS FOR THE FILING OF THIS BANKRUPTCY</u>

**HASBANI & LIGHT, P.C.**
Danielle P. Light, Esq.
*Counsel for Creditor*
450 Seventh Avenue, Suite 1408
New York, New York 10123
fTel: (646) 490-6677
<u>dlight@hasbanilight.com</u>

## **Table of Contents**

Preliminary Statement.................................................................................................................. 3

Argument ..................................................................................................................................... 3

    A.   Debtor Admits that this Case was Filed in Bad Faith and Sanctions are Warranted to Deter Debtor and its Sole Shareholder from Filing Bankruptcies in Bad Faith in the Future .............. 3

    B.   Creditor Proves that Debtor Uses Multiple Aliases ........................................................... 6

Conclusion ................................................................................................................................... 7

**Preliminary Statement**

This Court, in its discretion, should award Creditor JDP Mortgage, LLC ("Creditor") sanctions and an award of attorneys' fees pursuant to Rule 11 against Debtor, Northfield 30 Corp. ("Debtor") for the frivolous filing of this Bankruptcy. Debtor filed this action in bad faith for the sole purpose of frustrating Creditor's rights to a foreclosure auction. Debtor is not the mortgagor of Creditor's loan. Debtor took title to the Property for zero consideration and subject to Creditor's mortgage loan, waiting until two days before Creditor's foreclosure auction was to be held to file this bankruptcy action.[1]

Other than conclusively stating that Ilan Avistedek is not the sole shareholder of A&Q Estates, Inc., there is no evidence submitted to disprove the facts set forth by Creditor – which are that Mr. Avitsedek filed the instant bankruptcy and the prior bankruptcy of A&Q Estates Inc. for the sole purpose of frustrating Creditor's rights pursuant to its judgment of foreclosure and sale.

For these reasons, and for the reasons set forth herein and in Creditor's initial Memorandum of Law in Support of Rule 11 Sanctions, Creditor's instant motion should be granted.

**Argument**

*A. Debtor Admits that this Case was Filed in Bad Faith and Sanctions are Warranted to Deter Debtor and its Sole Shareholder from Filing Bankruptcies in Bad Faith in the Future*

Sanctions are warranted because Debtor admits that this case "may have improperly filed the Chapter 11." *See* Debtor's Opposition to Motion for Sanctions, Paragraph 16. Debtor argues

---

[1] The Court should note that after the dismissal of the instant action, Debtor allegedly sold the Property for zero consideration to Wilberforce Gray, the original mortgagor on Creditor's mortgage. Wilberforce Gray filed for bankruptcy on May 8, 2019, just one day before Creditor's foreclosure auction. Gray's bankruptcy petition is now the third of its kind, filed for purposes of stopping Creditor from proceeding with its auction. The case was assigned to the Hon. Nancy Hershey Lord because the Property is in this district and is the sole asset of the estate. However, once counsel discovered the instant motion was pending, counsel had the case reassigned to the Southern District of New York because Mr. Gray resides in the Bronx.

3

that sanctions should not be issued because Debtor filed for bankruptcy to try and negotiate a deal with Creditor to avoid foreclosure.

"Sanctions are an important tool which, in the appropriate situation, may discourage frivolous conduct in litigation and compensate the movant for losses." *In re Feldman*, 597 BR 448, 462 (Bankr. EDNY 2019). (Internal citations omitted.). "The power to sanction is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law." *Id*. (citing to *United States v. Rangolan*, 464 F.3d 321, 324 (2d Cir. 2006). (Internal quotation marks omitted.). "Federal Courts have broad discretion to fashion remedies as equity requires, to ensure compliance with their orders." *In re Feldman*, *supra*. (Internal citations omitted.) "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id*. (Internal citations omitted.).

Here, Debtor is correct that it is in the Court's discretion to award sanctions when a bankruptcy action is filed in bad faith. *Id*. However, Debtor's argument that sanctions are not warranted because this Court already "punished" Debtor when it issued *in rem* relief from the automatic stay in January 2019. *See* Debtor's Opposition to Motion to Sanctions, Paragraph 18-19. However, *in rem* relief was not a sanction and Debtor fails to prove anything to the contrary. *See generally*, Debtor's Opposition to Motion to Sanctions.

On the other hand, sanctions should be awarded to deter Debtor's sole principal, Ilan David Avitsedek, from abusing the Bankruptcy Court System. Mr. Avitsedek is a real estate investor and Creditor and Debtor have other properties in common where Mr. Avitsedek and Creditor's principal are interested parties. Mr. Avitsedek filed for Bankruptcy under his personal name June 20, 2018 under docket 18-43552 in the Eastern District of New York. Mr. Avitsedek's wife,

Sharan Yanay filed for Bankruptcy in 2015 under docket 15-45240 in the Eastern District of New York. Upon information and belief, Mr. Avitsedek also filed for Bankruptcy under the company name "Q & O Estates" that was pending before the Hon. Nancy Hershey Lord as docket number 15-44168.[2] As a result, there is a great probability that there have been other frivolous bankruptcies filed by shell companies owned by Mr. Avitsedek and there will be additional frivolous bankruptcies filed by shell companies for the sole purpose of stopping foreclosure auctions. Therefore, it is important that Debtor be sanctioned so that Debtor is deterred from filing from frivolously filing for bankruptcy in other cases.

Moreover, sanctions should be awarded in the amount of $68,247.80 plus attorneys' fees and costs so that Creditor can be made whole as a result of two frivolous bankruptcy filings, including the instant bankruptcy filing that forced Creditor to cancel two foreclosure auctions and incur additional costs. The $68,247.80 figure is made up of fees and costs that relate to the cost of publication of the notices of sale for its foreclosure action, which is about $1440 per sale. Here, there were two sales published, resulting in a cost of $2880. The Court-Appointed Referee, Jeffrey Miller, charges $250.00 to Creditor for each cancelation of auction scheduled, that amounts to an additional $500.00 since two sales were canceled. Furthermore, Creditor has accrued interest in an amount exceeding $64,867.80 ($177.72 per diem interest on Creditor's Judgment of Foreclosure at 9% from May 2018 [the date on which the first foreclosure auction was scheduled] until May 2019 [the date on which the third foreclosure auction was scheduled]) which will not be recovered because Creditor's Mortgage is currently under-secured by the Property by about $100,000.00. Currently, the total amount due to Creditor exceeds $837,000.00 and the Property is worth approximately $750,000.00. Thus, Creditor should be awarded $68,247.80 in sanctions.

---

[2] Both Ilan David Avitsedek's personal bankruptcy filing and the bankruptcy filing for Q & O Estates included the same property in the bankruptcy estate, 1389 St. Marks Avenue, Brooklyn.

There are also legal fees charged to Creditor in the foreclosure action dealing with canceling and rescheduling the foreclosure.[3] There are also legal fees related to representing Creditor in the two bankruptcy filings.  *In re Feldman*, *supra*.

Based on the foregoing, sanctions are necessary to deter Debtor and its sole shareholder from filing future bankruptcies in bad faith for the sole purpose of hindering, delaying, and defrauding Creditor from serial bankruptcy filings.

### B.  Creditor Proves that Debtor Uses Multiple Aliases

Evidence submitted herein proves that Debtor's sole shareholder uses aliases in his real estate dealings. *See Declaration of Danielle P. Light, Paragraph 9, Exhibit P.*  Debtor improperly asserts that Creditor is seeking sanctions as a means to harass Debtor's principal. However, this claim is without merit and is unsupported by fact or law.

Ilan David Avitsedek has been sued by more than one attorney with the allegation that he uses more than one name when dealing with people in real estate deals.  *See Declaration of Danielle P. Light, Paragraph 9, Exhibit P.*   Debtor has failed to disprove this fact and merely asserts that Creditor is seeking to harass and humiliate him.

However, the allegations asserted are for purposes of providing the Court with enough information so that the Court can in its discretion issue sanctions to ensure that Debtor does not misuse the Bankruptcy Court and file frivolous and bad faith actions for the sole purpose of stopping foreclosure auctions.

Furthermore, counsel is unaware because he was recently retained that Creditor has been forthcoming with this Court and notified the Court of the RICO complaint filed in New Jersey

---

[3] Counsel is awaiting invoices from Knuckles, Komosinski & Manfro, LLP, Creditor's prior counsel, to determine the attorneys' fees and costs charged to Creditor for the foreclosure fees/costs and the bankruptcy cases and can submit them to the Court.

long before the instant motion was filed. As repeatedly stated before the Court, the RICO complaint along with the exhibits to the Declaration of Danielle P. Light in the instant motion help Creditor "build its case" and establish that Debtor is in the real estate business and uses the Bankruptcy Court to assist him in negotiating deals with mortgagees, just as he admits he did here.

## Conclusion

**WHEREFORE**, Creditor respectfully requests that the Court:

1. Grant this Motion for Rule 9011 Monetary Sanctions; and

2. Grant additional sanctions and relief as the Court deems appropriate.

Respectfully Submitted,

Dated: New York, New York  **HASBANI & LIGHT, P.C.**
       May 13, 2019

*/s/ Danielle P. Light*
Danielle P. Light, Esq.
*Counsel for Creditor*
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (646) 490-6677
dlight@hasbanilight.com