UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK
*****************************************
IN RE:                                                                                          Docket No: 18-42802-CEC

NORTHFIELD 30 CORP.

                                      Debtor
*****************************************

# DEBTOR'S MEMORANDUM OF LAW
# IN REPLY TO CREDITOR'S MOTION FOR RULE 11 SANCTIONS
# AND IN FURTHER OPPOSITION TO CREDITOR'S MOTION

 

**PATRICK CHRISTOPHER (9701)**
**Attorney for the Debtor**
**40 Holbrook Road**
**Centereach, New York 11720**
**718-835-3300**
**patrick@pchristopherlaw.com**

**Preliminary Statement**

The Court, in it discretion, should not award sanctions or attorney's fees pursuant to Rule 11 against the Debtor, Northfield 30 Corp., ("Debtor") for an alleged frivolous filing of this Bankruptcy Petition.

Debtor did not file this Petition in bad faith for the **SOLE PURPOSE** of frustrating Creditor's right to a foreclosure action as alleged by Creditor's legal counsel. That statement set forth in Creditor's memorandum of law is not true.

The Debtor, as a successor in interest of the mortgagor, had every legal right to file a bankruptcy petition under the guidance and advice of an experienced attorney, Eric H. Horn, on May 15, 2018 in an attempt to try to save its only asset, a one family home.

At the time of the filing on May 15, 2018, the main creditor was the established reputable lending institution that held the mortgage on the only asset of the Debtor who was seeking to foreclose, to wit: **PENNY MAC HOLDINGS LLC..**

There was no intent on the part of the Debtor to DELAY, HARASS, HINDER & DEFRAUD this Creditor as alleged by the attorney for the _new_ Creditor ("JDP").

The only intent of the Creditor was to attempt to negotiate a resolution or settlement with the Creditor in order to keep its real property, which attempt to negotiate with Creditor is what is done every day in this Courthouse through its loss mitigation program.

That attempt to negotiate a resolution, short sale or note purchase may have been successful had the Creditor, **PENNYMAC HOLDINGS LLC**, not assigned the subject mortgage and note to a private investor known as **TOMPSONS AVENUE INC**. on July 12, 2018 ( two months after Debtor had filed bankruptcy) and then **TOMPSONS AVENUE INC**. on November 9, 2018 assigned the mortgage to **JDP MORTGAGE LLC.** (The present Creditor).

[Note: the principal of both **TOMPSONS AVENUE INC. & JDP MORTGAGE LLC**. being the one and same principal of both companies.]

As the Attorney for the Creditor "JDP" correctly states in his Memorandum of Law, dated May 13, 2019, at page 4, Paragraph 19: *"Mr. Avitsedek [Principal of the debtor, "Northfield"] is a real estate investor and the Creditor ["JDP"'s principal] and the Debtor's principal [Mr. Avitsedek] have other properties in common where Mr. Avitsedek and the Creditor's principal are interested parties"* .

This is an admission that both the Debtor and the Creditor in this case have other properties owned by them in which they both are interested parties.

In addition to this admission by counsel that the Debtor and Creditor herein have other deals in which they are interested parties and/or adversaries, Counsel also admits that there is a pending RICO action pending in the Eastern District of New Jersey involving the principals of the Creditor and the Debtor in this action [See Creditor's counsel's Memorandum of Law dated May 13, 2019 at Pages 6 & 7 Subdivision B .

Therefore, there is no question that there is a history of an acrimonious relationship between the two principals of the Debtor and Creditor in this instant case before this Court.

Upon information and belief it is possible that the very wealthy principal of "JDP" purchased the subject mortgage and note from **PENNYMAC** with full knowledge of Mr. Avitsedek's involvement with malicious intent to retaliate against Mr. Avitsedek in this proceeding in order to harass, intimidate and injure him financially.

## ARGUMENT

The Courts of this circuit have repeatedly held that "sanctions are designed to deter rather than compensate, and should be no more than is necessary to effect this goal".

As previously stated in the case of ***In re David Francis Charles Reyes***, Southern District of New York (Case 14-13233 (SMB), Judge Stuart M. Bernstein found that the Chapter 11 Petition was filed for an improper purpose and the Judge declined to impose sanctions stating:

"The decision whether to impose sanctions for a violation of Rule 9011 is discretionary ...Furthermore, the sanction is designed to deter rather than to compensate, and should be no more than is necessary to effect this goal."

The judge found that the Debtor did not file the Chapter 11 Petition seeking to delay, harass, hinder and defraud the Creditor but in fact was not intended to injure anyone but rather to find a forum to help solve his problem.

Similarly in this case before the Court, this debtor was not out to deliberately injure, delay, harass, hinder and defraud **PENNYMAC** or its successors and assigns, but rather to find a forum to try to salvage and save its real property asset.

To state that an *In Rem* proceeding is not a punishment runs against the grain of Court decisions which have clearly stated that the Courts have other remedies other than "sanctions". The other

remedies to deter bad conduct include but are not limited to loss of protections emanating from the automatic stay after dismissal (which is the case in this case), the availability of involuntary petition pursuant to §303 and of criminal prosecution pursuant to 18 U.S.C. §§151-57, and the apparent ability of the bankruptcy courts to grant motions to dismiss with conditions on future filings where bad faith may be present as was done in this case before the Court by Order Granting *In Rem* relief to the Creditor "JDP".

Creditor's attorney listed several bankruptcy cases that occurred several years ago concerning properties other than the property pending before this Court, all of which were *Pro Se* filings, two of which were by the Debtors other than the debtor herein which have absolutely nothing to do with the case before this court; and certainly prove nothing to the effect that the Debtor herein has misused the bankruptcy court system more than four or five years ago. These accusations should be completely disregarded by this Court as irrelevant and inadmissible.

If anyone is to blame for the litigious nature of this Motion it is the Creditor's attorney who has been more than a zealous advocate in this case that borders on fanatical and is unusual to say the least giving credence to the concept that this is"punitive revenge" on the part of the principal of the Creditor as evidenced by the RICO action in New Jersey and the acrimonious relations that exist in other transactions as admitted by Creditor's counsel.

**WHEREFORE** it is respectfully requested that the inflated alleged sanctions and legal fees requested herein be denied in their entirety in view of the fact that other remedies have been imposed against the Debtor herein to punish it by dismissal of his case, the lifting of the stay and also the preclusion from filing any further bankruptcy proceedings in this case in the future years ahead, and for such other and further relief as to this Court is just and proper.

**Suffolk County, New York**
**May 18, 2019**                                              **PATRICK CHRISTOPHER (9701)**
                                                              **Attorney for the Debtor**
                                                              **40 Holbrook Road**
                                                              **Centereach, New York 11720**