

# SHIRYAK, BOWMAN ANDERSON, GILL & KADOCHNIKOV LLP

80-02 Kew Gardens Road,
Suite 600
Kew Gardens, NY 11415
Tel 718.263.6800
Fax 718.520.9401
www.sbagk.com

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq.
Matthew J. Routh, Esq.
Andreas E. Christou, Esq.
Nick Neocleous, Esq.

December 20, 2019

*VIA FED EX OVERNIGHT*
**Attn:**
Danielle P. Light, Esq.
Hasbani & Light, P.C.
450 Seventh Avenue
Suite 1408
New York, New York 10123

**Re: In Re Northfield 30 Corp., Docket No. 18-42802-CEC**

Dear Ms. Light,

I am writing to you in response to a subpoena from JDP Mortgage, LLC (hereinafter "Creditor") dated November 21, 2019, commanding the appearance at a hearing and production of documents directed toward "Mark Anderson" (hereinafter referred to as "Nonparty") to testify at the United States Bankruptcy Court for the Eastern District of New York, before Judge Nancy Hershey Lord in Courtroom 3577 on January 22, 2020 at 2:45pm for the above referenced case.

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, and without waiving any further objection and/or assertions of privilege to any specific documents when or if such documents are identified, Nonparty hereby serves these written objections to Creditor and Creditor's subpoena to produce documents as listed and described in Attachment I of the aforementioned subpoena as follows:

**Request:**

1. Retainer Agreement between you, or your firm, and David Cohan for the handling of David Cohan -v,-Federal National Mortgage Association bearing Kings County) Index Number 505450/2018 (the "Retainer 1").

**Objections:**

Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests from "you or your firm." Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege.

**Request:**

2. All copies of payments received from David Cohan or anyone on behalf of David Cohan pursuant to the Retainer 1.

**Objections:**

Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "all copies of payments" "from David Cohan or anyone on behalf of David Cohan." Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege.

**Request:**

3. Copies of identification for David Cohan.

**Objections:**

Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "copies of identification" "for David Cohan" Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the Creditor. Nonparty further objects to the extent it calls for production of documents that are not in the Nonparty's possession, custody or control but are within the possession, custody or control of third parties.

**Request:**

4. The names of each notary of public in your firm.

**Objections:**

Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "names of each notary public in your firm," and does not specify what firm. Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the Creditor.

**Request:**

5. Retainer Agreement between you, or your firm, and David Cohn, for the handling of David Cohn - v, - Nationstar Mortgage LLC, bearing New York County Index Number 16084012017 ("Retainer 2'").

**Objections:**

Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests from "you or your firm." Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege.

**Request:**

6. All copies of payments received from David Cohn or anyone on behalf of David Cohn, pursuant to the Retainer 2.

**Objections:**

Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "all copies of payments" "from David Cohn or anyone on behalf of David Cohn." Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Nonparty objects to this request to the extent that it calls for the

production of documents subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege.

**Request:**

7. Retainer Agreement between you or your firm and David Cohn. for the handling or Nationstar Mortgage LLC - v. - David Cohn bearing New York County Index Number 159921/2014 ("Retainer 3").

**Objections:**

Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests from "you or your firm." Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege.

**Request:**

8. All copies of payments received from David Cohn or anyone on behalf of David Cohn pursuant to the Retainer 3.

**Objections:**

Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "all copies of payments" "from David Cohn or anyone on behalf of David Cohn." Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege.

**Request:**

9 All invoices submitted for payment concerning each of the referenced matters sufficient to show contact information (name, address phone number and/or email address) with any privileged material redacted.

**Objections:**

Nonparty objects to this request as it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific as it requests "all invoices" "sufficient to show contact information (name, address phone number and/or email address) with any privileged material redacted

Further, Nonparty objects to this request as it seeks items that are not relevant to the claims in this case and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Nonparty objects to this request to the extent that it calls for the production of documents subject to the attorney-client privilege, attorney work-product doctrine, and any other applicable privilege.

**FURTHER OBJECTIONS AND CLAIMS OF PRIVILEGE:**

Nonparty specifically reserves the right to lodge further objections and assert any applicable claims of privilege to any specific documents when, or if, any responsive documents are identified.

Lastly, please find enclosed un-deposited check for $59.26, which is being returned to your law office.

Sincerely Yours,

By: Matthew J. Routh, Esq.<br>
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP<br>
80-02 Kew Gardens Road<br>
Suite 600<br>
Kew Gardens, NY 11415<br>
*Attorneys for Nonparty*

12/20/2019 · FedEx Ship Manager - Print Your Label(s)



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

   Shipment Receipt

**Address Information**

Ship to:
ATTN: DANIELLE P. LIGHT, ESQ.
HASBANI & LIGHT, P.C.
450 SEVENTH AVENUE, SUITE 1408

NEW YORK CITY, NY 10123
US
718-263-6800

Ship from:
Mark Anderson


80-02 Kew Gardens Road

Suite 600
Kew Gardens, NY 11415
US
7182636800

**Shipment Information:**
Tracking no.: 777315894967
Ship date: 12/20/2019
Estimated shipping charges: 31.30 USD

**Package Information**
Pricing option: FedEx Standard Rate
Service type: Priority Overnight
Package type: FedEx Pak
Number of packages: 1
Total weight: 1  LBS
Declared Value: 0.00  USD
Special Services:
Pickup/Drop-off: Drop off package at FedEx location

**Billing Information:**
Bill transportation to: MyAccount-650
Your reference:
P.O. no.:
Invoice no.:
Department no.:

**Thank you for shipping online with FedEx ShipManager at fedex.com.**

**Please Note**

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.